JFL: USAO 2010R00096

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED _____
LOGGED _____ RECEIVED _____

JAN 3 0 2012
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. AW-11-0316 |
| | * |
| GLORIA EDWARDS, and | *   (Conspiracy to Harbor an Alien and |
| ALFRED EDWARDS, JR., | *   Harboring an Alien, 8 U.S.C. |
| | *   § 1324(a)(1)(A)(v)(I); Receipt, |
| Defendants | *   Possession and Disposal of Property |
| | *   Obtained by Fraud, 18 U.S.C. § 2315; |
| | *   Interstate Transportation of Property |
| | *   Obtained by Fraud, 18 U.S.C. § 2314; |
| | *   False Statement, 18 U.S.C. § 1001; |
| | *   Aiding and Abetting, 18 U.S.C. § 2; |
| | *   Forfeiture, 18 U.S.C. § 982(a)(6), |
| | *   8 U.S.C. § 1324(b)(1), 18 U.S.C. |
| | *   § 981(a)(1)(C), 28 U.S.C. § 2461(C)) |
| | * |

*******

### SUPERSEDING INDICTMENT

The Grand Jury for the District of Maryland charges that:

### COUNT ONE
(Conspiracy to Harbor For Financial Gain)

#### Introduction

At all times relevant to this Superseding Indictment:

1.      Defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.** were married to each other and resided in a single-family house located at 6203 Richmanor Terrace, Upper Marlboro, Maryland.

2.      T.E. is a Filipina woman, identified in this Indictment by her initials, whose identity is known to the Grand Jury. At the time T.E. was brought to the United States from the Philippines in 1999, she was married to a Filipino man and had eight children.

3.       D.E. was the brother of defendant **ALFRED EDWARDS, JR.** and the brother-in-law of defendant **GLORIA EDWARDS**.

## The Conspiracy

4.       Between in or about October 1998 and in or about September 2009, in the District of Maryland and elsewhere, the defendants,

**GLORIA EDWARDS, and**
**ALFRED EDWARDS, JR.**

did knowingly and willfully combine, conspire, and agree together and with others known and unknown to the Grand Jury, to conceal, harbor, and shield from detection T.E., an alien, knowing and in reckless disregard of the fact that T.E. came to, entered, and remained in the United States in violation of law, for the purpose of private financial gain.

## Manner and Means of the Conspiracy

5.       It was part of the conspiracy that **GLORIA** and **ALFRED EDWARDS, JR.**, would and did arrange for T.E. to be brought under false pretenses to the United States, in Upper Marlboro in the District of Maryland, for the purpose of having T.E. provide the defendants with domestic labor and services for little to no pay.

## Overt Acts

6.       In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, at least one of the defendants committed or caused to be committed at least one of the following overt acts, among others, in the District of Maryland and elsewhere:

a. In or about October 1998, defendant **GLORIA EDWARDS** arranged for Coconspirator A, whose identity is known to the Grand Jury, to obtain a B1 visa for T.E. by falsely representing to the United States Embassy in the Philippines that T.E. would be employed as a nanny for Coconspirator A when, in fact, T.E. would be employed as a domestic servant for defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR**.

b. In or about May 1999, Coconspirator A flew with T.E. to Virginia. **GLORIA EDWARDS** met T.E. at the airport and took T.E. to the home of **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.**, which is located in the District of Maryland.

c. On or about July 14, 1999, shortly before T.E.'s visa was to expire, defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.** arranged for T.E. to marry Person B, whose identity is known to the Grand Jury, for the purpose of fraudulently obtaining immigration status for T.E.

d. On or about November 20, 2000, defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.** facilitated T.E.'s divorce from Person B, after Person B could not be contacted in regard to immigration proceedings.

e. On or about December 14, 2000, defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.** arranged a marriage between T.E. and defendant **ALFRED EDWARDS, JR.**'s brother, D.E., for the purpose of fraudulently obtaining immigration status for T.E.

f.   Between in or about early May 1999 and in or about September 2009, defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.** usually required T.E. to work seven days a week, for as many as thirteen or more hours a day, for minimal to no earnings.

8 U.S.C. § 1324(a)(1)(A)(v)(i)
8 U.S.C. § 1324(a)(1)(B)(i)

## COUNT TWO
**(Harboring an Alien for Financial Gain)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. Between in or about early May 1999 and in or about September 2009, in the District of Maryland and elsewhere, the defendants,

**GLORIA EDWARDS, and
ALFRED EDWARDS, JR.,**

knowingly and in reckless disregard of the fact that T.E., an alien, had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield T.E. from detection in their residence and elsewhere for the purpose of private financial gain.

8 U.S.C. § 1324 (a)(1)(A)(iii)
8 U.S.C. § 1324(a)(2)(B)(ii)
18 U.S.C. § 2

## COUNT THREE
### (Receipt, Possession and Disposal of Property Obtained by Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. D.E., the brother of defendant **ALFRED EDWARDS, JR.**, worked for many years for a municipality in Connecticut and at all relevant times received monthly retirement benefits from the Connecticut State Municipal Employees Retirement System ("MERS"). D.E. had children from an earlier marriage.

3. As a result of a marriage arranged by defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.** that occurred on or about December 14, 2000, D.E. was married to T.E. During most of their marriage, T.E. and D.E. lived in the basement of the residence of defendants **GLORIA EDWARDS** and **ALFRED EDWARDS JR.** in Upper Marlboro, Maryland. T.E., D.E. and defendant **ALFRED EDWARDS JR.** were signatories on an account at Bank of America in Maryland.

4 D.E. died on June 25, 2008 and left no will. The policies of the MERS retirement system provided that any remaining payments and funds owed to D.E. upon his death would be transferred to the executor of D.E.'s estate. Under Maryland state law, upon the death of a decedent who owned property of any kind in his name, an estate must be opened. A "personal representative," commonly referred to as an "executor," distributes the property of the decedent's estate. When a person dies without a will, the first $15,000 of the decedent's property is distributed to any living spouse, with the remainder divided evenly among the spouse and the decedent's children.

5. On or about June 30, 2008, defendant **ALFRED EDWARDS, JR.,** telephoned MERS in Connecticut. He informed MERS that D.E. had died and that T.E. was the executor of D.E.'s estate and provided MERS with the address of the Upper Marlboro residence. On or about July 8, 2008, MERS received a notarized document, which falsely represented that T.E. was the wife of D.E. and that T.E. was "handling his affairs," when in fact D.E.'s estate had not been opened, no will had been filed, and T.E. did not control D.E.'s estate.

6. Between on or about August 26, 2008 and on or about September 3, 2008, in reliance upon the representations of defendant **ALFRED EDWARDS, JR.** and the notarized document, MERS mailed to T.E. at the Upper Marlboro residence check number 70393465 in the amount of $6,716.20, payable to the Estate of D.E., c/o T.E..

7. Between on or about September 1, 2008 and on or about September 3, 2008, defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.** deposited into an account at Bank of America check number 70393465 in the amount of $6,716.20 from MERS to the Estate of D.E., c/o T.E.. Soon thereafter, defendant **GLORIA EDWARDS** wrote checks from the same account to pay taxes and other bills, including a check for $4,964.42.

8. Between on or about September 1, 2008 and on or about September 3, 2008, in the District of Maryland and elsewhere, the defendants,

**GLORIA EDWARDS, and**
**ALFRED EDWARDS, JR.,**

received, possessed, and disposed of securities and money of the value of $5,000 or more, which had crossed a State boundary from Connecticut to Maryland after being stolen, unlawfully converted, and

7

taken, knowing the same to have been stolen, unlawfully converted, and taken, to wit, check number 70393465 in the amount of $6,716.20 from MERS to the Estate of D.E., c/o T.E.

18 U.S.C. § 2315
18 U.S.C. § 2

## COUNT FOUR
**(Interstate Transportation of Property Obtained by Fraud)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One and paragraphs 2 through 7 of Count Three are incorporated here.

2. Between on or about September 1, 2008 and on or about September 3, 2008, in the District of Maryland and elsewhere, the defendants,

**GLORIA EDWARDS, and
ALFRED EDWARDS, JR.,**

caused to be transported, transmitted, and transferred in interstate commerce from Maryland to Texas securities and money of the value of $5,000 or more in the form of check number 70393465 in the amount of $6,716.20 from MERS to the Estate of D.E., c/o T.E., knowing the same to have been stolen, converted or taken by fraud.

18 U.S.C. § 2314
18 U.S.C. § 2

## COUNT FIVE
## (False Statement)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. On or about February 25, 2010, in the District of Maryland, the defendant,

**ALFRED EDWARDS, JR.,**

in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made materially false statements and representations, in that he told agents of the Federal Bureau of Investigation that T.E. did not begin to live in the home of defendant **ALFRED EDWARDS, JR.** until T.E. was divorced from Person B and married to D.E., when in truth and in fact, **ALFRED EDWARDS, JR.** knew that T.E. had lived with defendant **ALFRED EDWARDS, JR.** for the entire period from the time T.E. arrived in the United States in 1999.

18 U.S.C. § 1001

## FORFEITURE ALLEGATIONS

The Grand Jury for the District of Maryland further charges that:

1. The allegations contained in Counts One through Four of this Superseding Indictment are incorporated here for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b)(1), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

### Forfeiture Relating to Immigration Counts

2. Pursuant to Title 18, United States Code, Section 982(a)(6) and Title 8, United States Code, Section 1324(b), upon conviction of an offense in violation of Title 8, United States Code, Section 1324(a), the defendants,

**GLORIA EDWARDS, and
ALFRED EDWARDS, JR.,**

shall forfeit to the United States of America (1) any property real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate the commission of the offense used or intended to be used to commit or to facilitate the commission of the offense; and (2) the gross proceeds of such violation and any property traceable to such proceeds, including but not limited to the private residence owned by defendants **GLORIA EDWARDS** and **ALFRED EDWARDS, JR.**, located at 6203 Richmanor Terrace, Upper Marlboro, Maryland, 20772.

### Forfeiture Relating to Fraud Counts

3. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States

Code, Sections 2314 and 2315, the defendants,

**GLORIA EDWARDS, and**
**ALFRED EDWARDS, JR.,**

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to such violations, including $6,716.20 and all interest and proceeds traceable thereto.

### Substitute Assets

4.   If any of the property described above, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   Has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

18 U.S.C. § 982(a)(6)
8 U.S.C. § 1324(b)
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

*Rod J Rosenstein/JFL*
Rod J. Rosenstein
United States Attorney

*Thomas Perez/CKC*
Thomas E. Perez
Assistant Attorney General
Civil Rights Division

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: January 30, 2012